UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ADRIAN K. BEAN,                                    )
                                                   )
                 Plaintiff,                        )
                                                   )
         v.                                        )        Civil Action No. 12-0651 (EGS)
                                                   )
DISTRICT OF COLUMBIA COURTS                        )
*et al.*,                                          )
                                                   )
                 Defendants.                       )
_____           )


MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, alleges that he was removed from the D.C. Superior Court's

Criminal Justice Act Investigator Panel ("the Panel") without due process of law, in violation of

the Fifth and Fourteenth Amendments to the Constitution.  Plaintiff names as defendants the

District of Columbia Courts, the D.C. Attorney General, Wallace S. Lewis III, and Betty M.

Ballester.  *See* Compl. Caption; Defs' Mot. to Dismiss or in the Alternative Mot. for Summ. J.

[Dkt. # 9] at 1 nn.1, 2 (correcting the names of Lewis and Ballester).  Plaintiff sues under 42

U.S.C. § 1983 and under the common law for intentional infliction of emotional distress,

wrongful discharge, and tortuous interference with prospective advantage.  Compl. ¶¶ 2-3.

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for

failure to state a claim upon which relief can be granted or for summary judgment under Rule 56.

Upon consideration of the parties' submissions and the entire record, the Court finds that

plaintiff has failed to state a constitutional claim and, thus, will grant defendants' motion as to

plaintiff's § 1983 claim.  Pursuant 28 U.S.C. § 1367(c), the Court declines to exercise

supplemental jurisdiction over plaintiff's common claims and, thus, will dismiss the case.

1

BACKGROUND

Plaintiff alleges that for more than 20 years, he was "an investigator under the . . . CJA Program" administered by the Superior Court of the District of Columbia.  Compl. ¶ 5.  At the time he initiated this action in April 2012, plaintiff "was most recently certified for membership on the . . . Panel under Administrative Order 02-24, issued August 1, 2002."  Compl. ¶ 9.  Plaintiff "was one of 100 investigators so certified."  *Id.*  As a Panel member, plaintiff "conducted investigations for criminal defendants in Superior Court without incident, and with no formal accusations of misconduct ever being lodged against me."  *Id.* ¶ 10.

On September 28, 2010, Superior Court Chief Judge Lee F. Satterfield issued Administrative Order 10-14, re-establishing the Panel.  *Id.* ¶¶ 11-12; *see* Defs.' Mot., Ex. 2 [Dkt. # 9-5, ECF pp. 4-6] (Superior Court of the District of Columbia Administrative Order 10-14).  On December 1, 2010, in accordance with the administrative order, plaintiff submitted his application to "the Office of Defender Services" for Panel "recertification."  Compl. ¶ 14.  Allegedly, "[a]s of March 31, 2011, [plaintiff's] name, along with the names of 27 other investigators, was recommended by the Investigator Advisory Committee for placement on what is known as the 'Provisional List'."  *Id.* ¶ 15.  Following Defender Services' alleged receipt of the FBI's clearance materials, plaintiff believed that he had satisfied the "requirements for [his] placement on the . . . Panel[.]"  *Id.* ¶ 16.

On April 11, 2011, defendant Lewis, as Chief of the Defender Services Branch of Superior Court, allegedly informed plaintiff "verbally" that he was "suspended as a CJA investigator" and that his "name had been removed from the official Provisional List of candidates to be sent to Chief Judge Satterfield for approval."  *Id.*  ¶ 17.  Plaintiff alleges that his "suspension was confirmed by a mass e-mail sent from . . . Ballester, President of the Superior

Court Trial Lawyers Association, to all CJA attorneys, advising them of [plaintiff's] suspension, based on information received from Mr. Lewis' office." *Id.* Allegedly, the e-mail attributed plaintiff's suspension to notification from the "Finance Department [] of possible violations of the attorney-client privilege . . . ." *Id.* On April 12, 2011, the Investigator Advisory Committee submitted 27 names of investigators who later were selected for the CJA Panel; plaintiff was not listed. *See* Defs.' Ex. 3 [Dkt. # 9-5, ECF pp. 8-13] (Superior Court of the District of Columbia Administrative Order 11-05). Plaintiff alleges that his placement on that list would have been "a virtual guarantee of placement on the Investigator Panel" and that he was omitted because Lewis "arbitrarily, and without just cause, removed [his] name from the official Provisional List." *Id.* ¶¶ 18-19.

On April 29, 2011, plaintiff wrote a letter to Lewis, requesting "[f]ormal notice of the reasons behind my suspension," a hearing, and "information on my CJA Investigator Panel status." *Id.* ¶ 20. On May 16, 2011, plaintiff received an e-mail from Lewis containing a form letter titled "Investigator Candidate Non-Selection," which advised plaintiff that he had not been selected for the Panel. *Id.* ¶ 21. Plaintiff alleges that he has "never received official, written notice of my suspension and the reasons for it, nor was I given a hearing to address any allegations," as is required by "the Court's Rules, Administrative Orders and Guidelines." *Id.* ¶ 23. Plaintiff alleges that "[a]s with my suspension, I have every reason to believe that my exclusion from the CJA Panel was orchestrated by Mr. Lewis, with or without the assistance of others, and was not the result of a decision by the proper authority in this matter, the Subcommittee on Investigators." *Id.* ¶ 27.

DISCUSSION

<u>Defendants' Motion to Dismiss</u>

Defendants assert three proper grounds for dismissal of plaintiff's Fourteenth

Amendment claim and the claims against the District of Columbia Courts and the Attorney

General for the District of Columbia that warrant no analysis.  First, the Fourteenth Amendment

claim is dismissed because the Fourteenth Amendment does not apply to the District of

Columbia.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) (applying the Fifth Amendment to

the District of Columbia since "the Fourteenth Amendment [] applies only to the states").

Second, the District of Columbia Courts cannot be sued separately from the District of

Columbia.  *See Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 4-8 (D.D.C. 2000) (granting

"the Superior Court defendants' motion to dismiss the complaint on the ground that they are *non*

*sui juris*").  The District of Columbia is hereby substituted as the proper defendant.  Third, the

complaint fails to state a claim against the D.C. Attorney General since the alleged facts do not

implicate him in any wrongdoing.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(explaining that a complaint must contain factual allegations "enough to raise a right to relief

above the speculative level").  Hence, the Court will grant defendants' motion to dismiss the

foregoing claims under Rule 12(b)(6).

<u>Defendants' Summary Judgment Motion</u>

Since the Court will be relying on matters outside of the pleadings to resolve the merits of

plaintiff's § 1983 claim, it will apply the standards for summary judgment.  Pursuant to Federal

Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each

claim or defense [or part thereof] on which summary judgment is sought."  Summary judgment

should be granted if the moving party has shown that there are no genuine issues of material fact

and that the moving party is entitled to judgment as a matter of law.  *See id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002).  "A fact is material if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' "  *Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In determining whether a genuine issue of fact exists, the court must view all facts in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Defendants assert with supporting documentation and declarations that (1) the complaint fails to state a constitutional claim and (2) defendants Lewis and Ballester are entitled to judicial immunity.  For the following reasons, the Court finds that defendants are entitled to summary judgment on these defenses.

Plaintiff's Due Process Claim

The due process clause prohibits the government from depriving an individual of life, liberty, or property without due process of law, but not all interests are protected.  *Stewart v. Gaines*, 370 F. Supp. 2d 293, 295 (D.D.C. 2005).  "In order to have a protectable right, a person 'clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  *Id.* (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  "[F]ederal constitutional law determines whether a claimed property interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause."  *Roth v. King*, 449 F.3d 1272, 1285 (D.C. Cir. 2006) (citations, internal quotation marks, and alterations omitted).

Plaintiff's claim brought under the Fifth Amendment's due process clause fails because he has not shown that he has a protected property interest in being selected to the Panel, and the controlling case from this circuit establishes that he does not.  The CJA Investigator Panel provides for the appointment of qualified investigators to assist in the representation of indigent persons in criminal and child neglect proceedings.  *See* Defs.' Ex. 2, Admin. Order 10-14 at 1.  The Panel is administered in substantially the same manner as the CJA Attorney Panel described in *Roth*, 449 F.3d at 1275, 1277-78, and it shares a similar history.  *See id.*; Admin. Order 10-14 at 1.

It is not disputed that plaintiff was a member of the Investigator Panel created by Administrative Order 02-24.  That panel, however, was superseded on October 1, 2010, by Administrative Order 10-14, which requires that the Panel be "re-established" every four years and that "investigators currently on the panel . . . reapply to the panel every four . . . years . . . ."  Admin. Order 10-14 at 2.  In addition, the Order establishes a CJA Investigator Panel Advisory Committee to, *inter alia*, "review the applications and criminal background information" of applicants -- new and previously certified -- and to make membership recommendations to the Chief Judge.  The Advisory Committee "is composed of the Branch Chief of Court Defender Services Branch [Defendant Lewis], a Special Counsel from the Public Defender Service for the District of Columbia ["PDS"], a member of the Superior Court Trial Lawyers Association [Defendant Ballester], and the Deputy Chief of Investigations for [PDS]."  *Id.*; *see* Defs.' Ex. 1 (Decl. of Wallace S. Lewis, III); Defs.' Ex. 5 (Decl. of Betty M. Ballester).

On April 12, 2011, Chief Judge Satterfield issued Administrative Order 11-05, in which he found it "in the best interest of the administration of justice" to re-establish the Investigator Panel.  Attached to the order is a list of investigator panel members (Attach. A) and a list of

provisional members (Attach. B).  Defs.' Ex. 3.  Administrative Order 11-05 states "that absent

suspension or removal, and except as otherwise stated hereafter, the investigators listed are

appointed to the CJA/CCAN Investigator Panel for a period of four . . . years, at which time they

must submit an application for reappointment[.]"  Admin. Order 11-05 at 1.  Plaintiff's name

does not appear on either list.  Plaintiff alleges that he was "suspended" from the panel, but

Lewis states, and the record supports, that plaintiff "was never suspended from participating as a

panel investigator."  Lewis Decl. ¶ 4.  Plaintiff does not seriously dispute that "[h]e continued to

serve as a panel investigator until his non-selection under the re-established panel under

Administrative order 11-05."  Lewis Decl. ¶ 4; *see* Pl.'s Opp'n [Dkt. # 16] ¶ 7 ("I did not

continue to serve on the panel and it was misleading to include payment as support for my

continued participation.  The payments . . . were for cases I previously worked on and/or was

working on when I was suspended.").  Since the 2002 panel of which plaintiff was a member

ceased to exist in October 2010, plaintiff's claim that he was suspended in April 2011 from a

defunct panel lacks a reasonable basis in fact.

   In *Roth*, the District of Columbia Circuit held that "no entitlements or property interests"

stemmed from the CJA Attorney Panel, 449 F.3d at 1286, because panel members were not

"guaranteed" compensated appointments and their selection was at the discretion of government

officials, *id*. at 1285-86.  Plaintiff's claim is even less substantial than the unsuccessful plaintiffs

in *Roth* since he was not selected to the reconstituted Investigator Panel and, thus, has suffered

no apparent deprivation.  Since plaintiff's claim is predicated on "nothing more than expectation,

not entitlements," *id*. at 1285 (internal quotation marks omitted), the Court concludes that

defendants are entitled to judgment as a matter of law on the due process claim.

Judicial Immunity

As to plaintiff's federal claim against Lewis and Ballester in their individual capacity, the Court in *Roth* found that individuals performing the substantially similar task of selecting "attorneys for inclusion on the panels" are immune from suit under § 1983, and also found that judicial immunity "extends to other officers of government whose duties are related to the judicial process." *Id.* at 1287. Both Lewis and Ballester are being sued for acts they allegedly took as members of the Panel's Advisory Committee. *See* Lewis Decl. ¶¶ 2-3; Ballester Decl. ¶ 3. Hence, the Court finds that they are entitled to judgment as a matter of law on their immunity defense.[1]

CONCLUSION

For the foregoing reasons, the Court will grant defendants' motion to dismiss certain claims and enter summary judgment in defendants' favor on the § 1983 claim. The Court declines to exercise supplemental jurisdiction over plaintiff's common claims, which presumably he may pursue in the District of Columbia courts. A separate Order accompanies this Memorandum Opinion.


DATE: March 14, 2013                    SIGNED:     EMMET G. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

---

[1] Even if Lewis and Ballester enjoyed only qualified immunity, or no immunity at all, plaintiff would not succeed against them under § 1983 because he has not shown a predicate constitutional violation.